UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**HARDIN & COMPANY, LTD.**,

Debtor.

Case No. **13-60413-7**

# MEMORANDUM of DECISION

At Butte in said District this 10th day of March, 2014.

In this Chapter 7 bankruptcy, after due notice, a hearing was held January 7, 2014, in Butte on Dennis Hardin's Objection to Proof of Claim No. 1 filed by Stafford/Lovgren Partnership, Dr. Ron Stafford, and Dr. Greg Lovgren (collectively "Stafford/Lovgren").  Dennis Hardin ("Hardin") was represented at the hearing by Quentin M. Rhoades of Missoula, Montana, and Stafford/Lovgren was represented at the hearing by Bruce Jacobs.  The Chapter 7 Trustee, Joseph V. Womack appeared at the hearing personally and with counsel, James A. Patten of Billings, Montana.  The Court heard attorney argument and Exhibits 39-1 and 45-1 were admitted into evidence without objection.[1]

## BACKGROUND

The Debtor, Hardin & Company, Ltd., is a real estate brokerage company.  Dr. Ron Stafford and Dr. Greg Lovgren are veterinarians who practiced together as Stafford/Lovgren Partnership.  Debtor and Stafford/Lovgren entered into a Commercial Listing Agreement

---

[1] Exhibit 39-1 and Exhibit 45-1 are duplicative.  They are each a copy of an "Order Re: Defendants' Motion for Summary Judgment" entered December 13, 2012, in the Montana Eighteenth Judicial Court, Gallatin County.

1

(Exclusive Right to Sell) in May of 2008, for the sale of property owned by the Stafford/Lovgren. The Commercial Listing Agreement was extended so that it ultimately expired on October 30, 2010.  Either the Commercial Listing Agreement or one of the extensions provided in part that Stafford/Lovgren would refer all prospective buyers and interested persons to Debtor and that all negotiations concerning the property would be conducted through Debtor.  The Commercial Listing Agreement also contained a protection period provision that provided that if Stafford/Lovgren sold the property within 365 days of the termination of the Commercial Listing Agreement to anyone whom Debtor had marketed the property that Stafford/Lovgren would pay Debtor its commission.   As of October 30, 2010, Stafford/Lovgren had not entered into any written agreements for the lease or sale of Stafford/Lovgren's property.

During the initial term of the Commercial Listing Agreement, Stafford/Lovgren discussed the property with Dr. Anderson and Dr. Rains, who had a separate veterinary practice.  Dr. Anderson and Dr. Rains concluded at that time that they could not afford to purchase the property at the then asking price.  Stafford/Lovgren did not refer Dr. Anderson and Dr. Rains to Debtor, but Dr. Anderson and Dr. Rains proceeded to secure a different location for their veterinarian practice.  Between April of 2009 and June of 2009, Dr. Anderson and Dr. Rains purchased light fixtures, cabinetry and countertops from Stafford/Lovgren.

In October of 2010, Dr. Rains purchased Dr. Anderson's interest in their veterinary practice.  As late as October 24, 2010, Dr. Anderson was seeking to open a separate veterinary practice in a location described as the Albertson's Shopping Center.  However, on November 3, 2010, Dr. Anderson contacted Stafford/Lovgren about their property and on November 10, 2010, entered into a lease agreement with Stafford/Lovgren.  Thereafter, during the summer of 2011,

2

Stafford/Lovgren and Dr. Anderson entered into an agreement for the sale of Stafford/Lovgren's property to Dr. Anderson for $735,000.

As a result of the foregoing, on October 31, 2011, Debtor commenced, in the Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-11-1013A against Stafford/Lovgren and American Land Title Company of Montana, seeking payment of a commission under the Commercial Listing Agreement. On December 13, 2012, District Court Judge Holly Brown entered an order granting summary judgment in favor of Stafford/Lovgren, dismissing Debtor's cause of action, and awarding attorney fees to Stafford/Lovgren. In her Order, Judge Brown found there were no communications between Stafford/Lovgren and Dr. Anderson regarding the lease of Stafford/Lovgren's property to Dr. Anderson prior to October 30, 2010, when the Commercial Listing Agreement expired. Judge Brown also found that the Protection Period Provision of the Commercial Listing Agreement was not triggered because Dr. Anderson did not lease or purchase Stafford/Lovgren's property as a result of Debtor's "advertising, promoting and/or marketing." On December 19, 2012, as provided in the Commercial Listing Agreement and in accordance with in M.R. Civ. P. 54(d),[2] Stafford/Lovgren filed a bill of costs, supporting affidavit and motion for fees in the State Court action, asserting they had incurred costs of $1,789.95, attorney's fees totaling $44,572.50 and certain other recoverable costs of $592.06 in defending the State Court action. Debtor opposed the fees and costs and as required by M.R. Civ. P. 54(d)(2)(C), a hearing on the matter was scheduled for sometime in April of 2013.

---

[2] M.R. Civ. P. 54(d) provides in relevant part:

Before Judge Brown held a hearing on Stafford/Lovgren's request for attorney's fees, Debtor filed a voluntary Chapter 7 bankruptcy petition on March 28, 2013. Hardin, Debtor's sole shareholder and officer, signed the bankruptcy petition on behalf of the Debtor. Stafford/Lovgren is listed on Debtor's Schedule F as having a disputed claim in the amount of $50,000. Stafford/Lovgren filed Proof of Claim No. 1 on July 22, 2013, asserting a claim of $59,867.45 relating to the attorney's fees and costs, all as reflected in the bill of costs and affidavit filed in State Court on December 19, 2012.

The Court has not granted any party relief from stay to liquidate the claim, and the issue of the amount of the fee award has never been adjudicated in the State District Court. Hardin argues that Debtor did not appeal Judge Brown's summary judgment ruling because under Montana law, the summary judgment ruling was not final and appealable so long as the amount of attorney fees remained at issue.

## APPLICABLE LAW and DISCUSSION

Rule 3001(f), F.R.B.P., provides that a proof of claim completed and filed in accordance with 11 U.S.C. § 501 and any applicable Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. Thus, if a procedurally proper claim is filed, an objecting party carries the burden of going forward with evidence contesting the validity or amount of the claim. *In re Weber*, 16 Mont. B.R. 49, 56 (Bankr. D. Mont. 1997); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).

Montana LBR 3001-2 directs that "[a] proof of claim shall include those documents required by F.R.B.P. 3001(c) and (d); and an itemized summary of the account showing, as of the date of the commencement of the debtor's bankruptcy case, the unpaid principal balance, all

4

accrued interest, forced-placed insurance, late charges, and other charges; the rate of contract or other interest; and the per diem interest accrual as of the date of the commencement of the case."

Stafford/Lovgren's proof of claim is based upon the fees and costs they maintain were incurred in defending the lawsuit commenced by the Debtor, which lawsuit resulted in a favorable summary judgment ruling for Stafford/Lovgren. Hardin does not dispute the reasonableness of Stafford/Lovgren's requested fees and costs. Given the absence of any objection to the reasonableness of Stafford/Lovgren's requested fees and costs, and the apparent admission that fees and costs owed to Stafford/Lovgren, as the prevailing party, are allowed under the Commercial Listing Agreement, the Court finds that Stafford/Lovgren's Proof of Claim is procedurally proper. Thus, Hardin carries the burden of going forward with evidence contesting the validity or amount of the claim.

Hardin objects to Stafford/Lovgren's proof of claim arguing it is based on an erroneous summary judgment ruling in the State District Court, which has never been reduced to a final, appealable judgment. More specifically, Hardin argues that Judge Brown's summary judgment ruling was based upon a legal misreading of the Commercial Listing Agreement. At this juncture, this Court declines to revisit Judge Brown's summary judgment decision. Hardin's objection to Stafford/Lovgren's proof of claim is, at its core, a de facto appeal forbidden under the *Rooker-Feldman* doctrine, which bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284, 125 S.Ct . 1516, 161 L.Ed.2d 454 (2005). While Judge Brown had not yet entered a final judgment when Debtor commenced this case, the

Ninth Circuit Court of Appeals in *Marciano v. White*, 431 F. App'x 611, 613 (9th Cir.2011) rejected the argument that the *Rooker-Feldman* doctrine did not apply simply because the plaintiff filed his federal action before his state court appeals had concluded.

Hardin does not dispute the reasonableness of Stafford/Lovgren's fees. Thus, Hardin, as the sole shareholder and officer of the Debtor, could have allowed Judge Brown's decision to become final so that he could appeal that decision. However, instead of taking that course of action, Hardin elected instead to file a bankruptcy petition on behalf of the Debtor. As stated earlier, this Court will not revisit the merits of Judge Brown's decision. Absent such a review, Hardin has failed his burden of showing that the fees set forth in Stafford/Lovgren's proof of claim, which are permitted under Montana State law, should not be allowed in Debtor's case.

For the reasons stated above, the Court will enter a separate order providing as follows:

IT IS ORDERED that Dennis Hardin's Objection to Proof of Claim No. 1 filed by Stafford/Lovgren Partnership, Dr. Ron Stafford, and Dr. Greg Lovgren is OVERRULED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana