## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

In re

**HARDIN & COMPANY, LTD.,**

Debtor.

Case No. **13-60413-7**

# MEMORANDUM of DECISION

At Butte in said District this 21st day of March, 2014.

In this Chapter 7 bankruptcy, after due notice, a hearing was held March 4, 2014, in Butte on Dennis Hardin's Motion to Abandon filed January 28, 2014, at docket no. 64. Dennis Hardin ("Hardin") was represented at the hearing by Quentin M. Rhoades of Missoula, Montana; the Chapter 7 Trustee, Joseph V. Womack ("Womack") appeared at the hearing personally and with counsel, James A. Patten of Billings, Montana; and Stafford/Lovgren Partnership, Dr. Ron Stafford, and Dr. Greg Lovgren (collectively "Stafford/Lovgren") were represented at the hearing by Bruce Jacobs of Bozeman, Montana. Womack testified and Womack's Exhibits A, D, E, and F were admitted into evidence.

## BACKGROUND

The Debtor, Hardin & Company, Ltd., is a real estate brokerage company. Dr. Ron Stafford and Dr. Greg Lovgren are veterinarians who practiced together as Stafford/Lovgren Partnership. Debtor and Stafford/Lovgren entered into a Commercial Listing Agreement (Exclusive Right to Sell) in May of 2008, for the sale of property owned by Stafford/Lovgren. The Commercial Listing Agreement was extended so that it ultimately expired on October 30,

1

2010.  Either the Commercial Listing Agreement or one of the extensions provided in part that Stafford/Lovgren would refer all prospective buyers and interested persons to Debtor and that all negotiations concerning the property would be conducted through Debtor.  The Commercial Listing Agreement also contained a protection period provision that provided that if Stafford/Lovgren sold the property within 365 days of the termination of the Commercial Listing Agreement to anyone whom Debtor had marketed the property that Stafford/Lovgren would pay Debtor its commission.   As of October 30, 2010, Stafford/Lovgren had not entered into any written agreements for the lease or sale of Stafford/Lovgren's property.

During the initial term of the Commercial Listing Agreement, Stafford/Lovgren discussed the property with Dr. Anderson and Dr. Rains, who had a separate veterinary practice.  Dr. Anderson and Dr. Rains concluded at that time that they could not afford to purchase the property at the then asking price.  Stafford/Lovgren did not refer Dr. Anderson and Dr. Rains to Debtor, but Dr. Anderson and Dr. Rains proceeded to secure a different location for their veterinarian practice. Between April of 2009 and June of 2009, Dr. Anderson and Dr. Rains purchased light fixtures, cabinetry and countertops from Stafford/Lovgren.

In October of 2010, Dr. Rains purchased Dr. Anderson's interest in their veterinary practice.  As late as October 24, 2010, Dr. Anderson was seeking to open a separate veterinary practice in a location described as the Albertson's Shopping Center.  However, on November 3, 2010, Dr. Anderson contacted Stafford/Lovgren about their property and on November 10, 2010, entered into a lease agreement with Stafford/Lovgren.  Thereafter, during the summer of 2011, Stafford/Lovgren and Dr. Anderson entered into an agreement for the sale of Stafford/Lovgren's property to Dr. Anderson for $735,000.

As a result of the foregoing, on October 31, 2011, Debtor commenced, in the Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-11-1013A against Stafford/Lovgren and American Land Title Company of Montana, seeking payment of a commission under the Commercial Listing Agreement.  On December 13, 2012, District Court Judge Holly Brown entered an order granting summary judgment in favor of Stafford/Lovgren, dismissing Debtor's cause of action, and awarding attorney fees to Stafford/Lovgren.  On December 19, 2012, as provided in the Commercial Listing Agreement and in accordance with M.R. Civ. P. 54(d), Stafford/Lovgren filed a bill of costs, supporting affidavit and motion for fees in the State Court action, asserting they had incurred costs of $1,789.95, attorney's fees totaling $44,572.50 and certain other recoverable costs of $592.06 in defending the State Court action. Debtor opposed the fees and costs and as required by M.R. Civ. P. 54(d)(2)(C), a hearing on the matter was scheduled for sometime in April of 2013.

Before Judge Brown held a hearing on Stafford/Lovgren's request for attorney's fees, Debtor filed a voluntary Chapter 7 bankruptcy petition on March 28, 2013.  Hardin, Debtor's sole shareholder and officer, signed the bankruptcy petition on behalf of the Debtor.  In the Schedules filed March 28, 2013, Debtor listed no assets on Schedule A, listed personal property worth $200.00 on Schedule B, and listed liabilities totaling $240,585.81 on Schedule F. Stafford/Lovgren is listed on Debtor's Schedule F as having a disputed claim in the amount of $50,000.  Stafford/Lovgren filed Proof of Claim No. 1 on July 22, 2013, asserting a claim of $59,867.45 relating to the attorney's fees and costs, all as reflected in the bill of costs and affidavit filed in State Court on December 19, 2012.

Hardin also caused the Debtor, pre-petition, to cancel it listing agreements.  Debtor

3

discloses on Schedule B: "Business had 7 listings when business was closed. Clients notified business was closed and listing were terminated. Hardin & Company, Ltd. had no pending sales, accounts receivable, or accepted offers when business closed." Hardin terminated Debtor's listing agreements and entered into new listing agreements under his newly formed business, Hardin Real Estate, Inc.[1]

Debtor's schedules were amended on December 4, 2013, to reflect personal property on Schedule B of $1,200.00. The additional property included the return of $1,000 held by the Wittich Law Firm and "Contingent claims against Ronald Stafford, Greg Lovgren, Stafford/Lovgren Partnership and American Land Title Company (Montana Eighteenth Judicial District Court Cause No. DV-11-1013A)" with an unknown value.

Hardin now requests entry of an order directing Womack to abandon the contingent claim against Stafford/Lovgren. Hardin contends the claim against Stafford/Lovgren is worth at least $43,800. Hardin argues that he has offered $2,000 "to buy the chose-in-action, and, in the alternative, as an equity holder and creditor, to prosecute the state court action on behalf of the Debtor at no charge to the Estate." Hardin argues that instead of "pursu[ing] a highly meritorious claim against the Stafford/Lovgren Partnership (see Doc. 61 at 3-7) at no cost to the Estate, or even to sell the asset to an offeror, the Trustee has decided instead to dedicate his limited resources and energy to the filing of a flurry of adversary actions against Dennis Hardin and

---

[1]  Womack testified that Hardin formed Hardin Real Estate, Inc. in January of 2013. Womack filed a Motion for Order Pursuant to Bankruptcy Rule 9019, wherein he has entered into an agreement with Carol Gerovac. That agreement allegedly stems from a listing agreement Debtor had with Gerovac, that was allegedly terminated by Debtor on March 18, 2013. That motion is opposed by Hardin and is scheduled for hearing on May 6, 2014. Womack also maintains that Hardin engaged in similar tactics in *In re Brokerage Firm, Inc*., Case No. 00-21633.

others."[2]

Womack and Stafford/Lovgren oppose Hardin's motion.  Womack argues that abandonment of the claim is not in the best interest of the creditors of Debtor's bankruptcy estate and further argues that Hardin's Motion to Abandon was not made in good faith and that to grant such motion "would further an abuse of the bankruptcy process that has been conducted by Dennis Hardin . . . as both a creditor and the sole member of Hardin & Co. Ltd. since shortly before and after the filing of this bankruptcy."

Womack thinks Judge Brown's summary judgment ruling is correct, quantifying the likelihood of success as less than 10 percent,[3] but nonetheless talked to several Montana attorneys about an appeal of Judge Brown's summary judgment ruling.  No attorney was willing to take the matter on a contingency fee basis.  Furthermore, after investigating the matter, Womack concluded that an unsuccessful appeal of Judge Brown's summary judgment ruling would expose the bankruptcy estate to the additional legal fees and costs incurred by Stafford/Lovgren.  Womack concluded that the exposure to additional liability outweighed any potential benefit of pursuing the appeal.  Womack has now reached an agreement with Stafford/Lovgren to fully and finally settle the State Court litigation, which settlement is opposed by Hardin and is scheduled for hearing on April 1, 2014.  Womack has investigated Debtor's alleged claim against Stafford/Lovgren and has concluded that neither pursuing nor abandoning the claim would be in the best interest of the Estate.

---

[2]  The only "flurry of adversary actions" is Adversary Proceeding No. 14-00003 commenced January 21, 2014, against Hardin and Hardin Real Estate, Inc.

[3]  Womack contends that Hardin is seeking to pursue on appeal claims that were not raised in the State Court litigation, all as discussed by Judge Brown in her decision at Exhibit A,  pages 21-23 under section "C.  Unplead Claims."

5

Hardin has offered to purchase any potential claims against Stafford/Lovgren for $2,000. Hardin also makes the naked assertion that he will "indemnify the estate for all the costs associated with appeal.  Post-Hearing Brief, docket no. 89, p.2.  However, Hardin has not offered to post a supersedeas bond, or something similar, to protect the bankruptcy estate from exposure to additional liability stemming from further prosecution of the claim against Stafford/Lovgren, or to protect Stafford/Lovgren from having to collect fees from a bankrupt shell of a corporation.

## JURISDICTION

This Memorandum of Decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 522.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

## APPLICABLE LAW and DISCUSSION

Hardin's right to compel abandonment arises under § 554(b) which states:

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Hardin has not shown that Debtor's asserted claim against Stafford/Lovgren is burdensome to the bankruptcy estate.  Thus, abandonment is only appropriate if the asserted claim is of inconsequential value and benefit to the estate.  Womack observes that for him to pursue an appeal of Judge Brown's summary judgment decision, the bankruptcy estate would incur considerable expense because Womack has not been able to find an attorney who would pursue the matter on a contingency fee basis.  In the unlikely event the appeal is successful, the state court

action would be remanded to the district court for trial.  If Womack were successful at trial, the most that would come directly into the estate would, by this Court's calculation, be the 6% commission on $735,000, or $44,100.  However, Stafford/Lovgren's claim would also be eliminated, which would arguably benefit the remaining creditors.  But as Womack points out, the other remaining creditor in this case is Hardin himself.

Womack's fear, however, is that the appeal will be unsuccessful.  In the event the appeal is not successful, the bankruptcy estate would then be liable for Stafford/Lovgren's additional costs and expenses incurred during the appeal.  Womack argues there is value to the bankruptcy estate of retaining and controlling the Stafford/Lovgren claim, and there is further value to the estate of capping the fees and costs that Stafford/Lovgren can claim against the bankruptcy estate.

Based upon the evidence presented, the Court agrees that the benefit of the Stafford/Lovgren claim is derived from the bankruptcy estate retaining and controlling such claim. The benefit of retaining and controlling the claim outweighs the $2,000 offer of purchase made by Hardin, which offer is coupled with the bankruptcy estate's exposure to additional attorney's fees and costs.  For the reasons stated above, the Court will enter a separate order providing as follows:

IT IS ORDERED that Dennis Hardin's Motion to Abandon filed January 28, 2014, at docket no. 64, is denied.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana