UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**HARDIN & COMPANY, LTD.**,<br><br>Debtor. | Case No. **13-60413-7** |

# MEMORANDUM of DECISION

At Butte in said District this 8th day of May, 2014.

In this Chapter 7 bankruptcy, after due notice, a hearing was held May 6, 2014, in Butte on approval of a Stipulation Compromising and Settling Litigation and Motion for Approval Pursuant to F.R.B.P. Rule 9019(a) filed by Stafford/Lovgren Partnership, Ronald Stafford and Greg Lovgren, Partners, and the Chapter 7 Trustee, Joseph V. Womack. The Chapter 7 Trustee, Joseph V. Womack, appeared at the hearing personally and with his counsel, James A. Patten of Billings, Montana. Dennis Hardin ("Hardin") was represented at the hearing by Quentin M. Rhoades of Missoula, Montana; and Stafford/Lovgren Partnership, Dr. Ron Stafford, and Dr. Greg Lovgren (collectively "Stafford/Lovgren") were represented at the hearing by Bruce Jacobs of Bozeman, Montana. Womack testified. The parties also stipulated that this Court could take judicial notice of the records of the hearings held in this case on January 7, 2014, and March 4, 2014.

## BACKGROUND

As previously set forth in Memoranda of Decision entered March 10, 2014, and March 21, 2014, the Debtor, Hardin & Company, Ltd., is a real estate brokerage company. Dr. Ron Stafford and Dr. Greg Lovgren are veterinarians who practiced together as Stafford/Lovgren Partnership.

1

Debtor and Stafford/Lovgren entered into a Commercial Listing Agreement (Exclusive Right to Sell) in May of 2008, for the sale of property owned by Stafford/Lovgren. The Commercial Listing Agreement was extended so that it ultimately expired on October 30, 2010. Either the Commercial Listing Agreement or one of the extensions provided in part that Stafford/Lovgren would refer all prospective buyers and interested persons to Debtor and that all negotiations concerning the property would be conducted through Debtor. The Commercial Listing Agreement also contained a protection period provision that provided that if Stafford/Lovgren sold the property within 365 days of the termination of the Commercial Listing Agreement to anyone whom Debtor had marketed the property that Stafford/Lovgren would pay Debtor its commission. As of October 30, 2010, Stafford/Lovgren had not entered into any written agreements for the lease or sale of Stafford/Lovgren's property.

During the initial term of the Commercial Listing Agreement, Stafford/Lovgren discussed the property with Dr. Anderson and Dr. Rains, who had a separate veterinary practice. Dr. Anderson and Dr. Rains concluded at that time that they could not afford to purchase the property at the then asking price. Stafford/Lovgren did not refer Dr. Anderson and Dr. Rains to Debtor, but Dr. Anderson and Dr. Rains proceeded to secure a different location for their veterinarian practice. Between April of 2009 and June of 2009, Dr. Anderson and Dr. Rains purchased light fixtures, cabinetry and countertops from Stafford/Lovgren.

In October of 2010, Dr. Rains purchased Dr. Anderson's interest in their veterinary practice. As late as October 24, 2010, Dr. Anderson was seeking to open a another veterinary practice in a location described as the Albertson's Shopping Center. However, on November 3, 2010, Dr. Anderson contacted Stafford/Lovgren about their property and on November 10, 2010,

entered into a lease agreement with Stafford/Lovgren.  Thereafter, during the summer of 2011, Stafford/Lovgren and Dr. Anderson entered into an agreement for the sale of Stafford/Lovgren's property to Dr. Anderson for $735,000.

As a result of the foregoing, on October 31, 2011, Hardin caused the Debtor to commence, in the Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-11-1013A against Stafford/Lovgren and American Land Title Company of Montana, seeking payment of a commission under the Commercial Listing Agreement.  On December 13, 2012, District Court Judge Holly Brown entered an order granting summary judgment in favor of Stafford/Lovgren, dismissing Debtor's cause of action, and awarding attorney fees to Stafford/Lovgren.  On December 19, 2012, as provided in the Commercial Listing Agreement and in accordance with M.R. Civ. P. 54(d), Stafford/Lovgren filed a bill of costs, supporting affidavit and motion for fees in the State Court action asserting they had incurred costs of $1,789.95, attorney's fees totaling $44,572.50 and certain other recoverable costs of $592.06 in defending the State Court action.  Debtor opposed the fees and costs and as required by M.R. Civ. P. 54(d)(2)(C), a hearing on the matter was scheduled for sometime in April of 2013.

Before Judge Brown held a hearing on Stafford/Lovgren's request for attorney's fees, Debtor filed a voluntary Chapter 7 bankruptcy petition on March 28, 2013.  Hardin, Debtor's sole shareholder and officer, signed the bankruptcy petition on behalf of the Debtor.  In the Schedules filed March 28, 2013, Debtor listed no assets on Schedule A, listed personal property worth $200.00 on Schedule B, and listed liabilities totaling $240,585.81 on Schedule F.  Stafford/Lovgren is listed on Debtor's Schedule F as having a disputed claim in the amount of $50,000.  Stafford/Lovgren filed Proof of Claim No. 1 on July 22, 2013, asserting a claim of

$59,867.45 relating to the attorney's fees and costs, all as reflected in the bill of costs and affidavit filed in State Court on December 19, 2012.

Hardin also caused the Debtor, pre-petition, to cancel its listing agreements. Debtor discloses on Schedule B: "Business had 7 listings when business was closed. Clients notified business was closed and listing were terminated. Hardin & Company, Ltd. had no pending sales, accounts receivable, or accepted offers when business closed." Hardin terminated Debtor's listing agreements and entered into new listing agreements under his newly formed business, Hardin Real Estate, Inc.[1]

Debtor's schedules were amended on December 4, 2013, to reflect personal property on Schedule B of $1,200.00. The additional property included the return of $1,000 held by the Wittich Law Firm and "Contingent claims against Ronald Stafford, Greg Lovgren, Stafford/Lovgren Partnership and American Land Title Company (Montana Eighteenth Judicial District Court Cause No. DV-11-1013A)" with an unknown value.

In a Memorandum of Decision and Order entered March 10, 2014, at docket nos. 87 and 88, the Court overruled Hardin's objection to Stafford/Lovgren's Proof of Claim No. 1. In a Memorandum of Decision and Order entered March 21, 2014, at docket nos. 106 and 107, the Court denied Hardin's request for entry of an order directing Womack to abandon the contingent claim against Stafford/Lovgren. In the context of that request, Hardin argued that Judge Brown's

---

[1] Womack testified that Hardin formed Hardin Real Estate, Inc. in January of 2013. Womack filed a Motion for Order Pursuant to Bankruptcy Rule 9019, wherein he has entered into an agreement with Carol Gerovac. That agreement allegedly stems from a listing agreement Debtor had with Gerovac, that was allegedly terminated by Debtor on March 18, 2013. That motion is opposed by Hardin and is scheduled for hearing on May 6, 2014. Womack also maintains that Hardin engaged in similar tactics in *In re Brokerage Firm, Inc.*, Case No. 00-21633.

summary judgment ruling was erroneous. Hardin also offered to pay $2,000.00 for the claim against Stafford/Lovgren, which according to Hardin, was worth at least $43,800.

Womack and Stafford/Lovgren opposed Hardin's motion. Womack argued that abandonment of the claim was not in the best interest of the creditors of Bankruptcy Estate and further argued that Hardin's Motion to Abandon was not made in good faith and that to grant such motion "would further an abuse of the bankruptcy process that has been conducted by Dennis Hardin . . . as both a creditor and the sole member of Hardin & Co. Ltd. since shortly before and after the filing of this bankruptcy."

Womack testified that in his opinion, Judge Brown's summary judgment ruling was correct, quantifying the likelihood of success on appeal as less than 10 percent.[2] After investigating the matter, Womack concluded that an unsuccessful appeal of Judge Brown's summary judgment ruling would expose the bankruptcy estate to the additional legal fees and costs incurred by Stafford/Lovgren. Womack concluded that the exposure to additional liability outweighed any potential benefit of pursuing the appeal. Womack has now reached an agreement with Stafford/Lovgren to fully and finally settle the State Court litigation, which settlement is now before the Court and is opposed by Hardin.

The claim of the Bankruptcy Estate at issue is the right to appeal the summary judgment ruling entered by the State District Court and if successful, prosecute the action in the State District Court against Stafford/Lovgren. Womack contends, and Hardin does not disagree, that the claim asserted by the Debtor in the State Court litigation stems from the rights and obligations

---

[2] Womack contends that Hardin is seeking to pursue on appeal claims that were not raised in the State Court litigation, all as discussed by Judge Brown in her decision at pages 21-23 under section "C. Unplead Claims."

that exist under the applicable Commercial Listing Agreements between Debtor and Stafford/Lovgren. Under those Agreements, Stafford/Lovgren has the right to collect any attorneys' fees and costs that are incurred in a successful defense of an appeal against the Debtor. The rights under those agreements cannot be divorced from the duties or liabilities under those agreements, which include the obligation to pay Stafford/Lovgren their attorneys' fees and costs for unsuccessful actions under the contract.

Womack is concerned that Stafford/Lovgren's fees have already increased as a result of Hardin's objection to Stafford/Lovgren's proof of claim, Hardin's motion to abandon, and now pursuing approval of the settlement between Stafford/Lovgren and Womack. Womack seeks to put an end to Stafford/Lovgren's mounting fees by agreeing not to appeal Judge Brown's summary judgment ruling. Hardin counters that Womack's agreement with Stafford/Lovgren is merely a waiver and release of the Estate's claim against Stafford/Lovgren for no consideration.

## JURISDICTION

This Memorandum of Decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 522. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

## APPLICABLE LAW

Compromises and settlements are governed by Rule 9019(a), F.R.B.P., which provides in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . ." The bankruptcy court is vested with considerable

discretion in approving compromise agreements and settlements. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). In *In re Schrock*, 9 Mont. B.R. 414, 416-417 (1991), this Court addressed the test for approving compromise agreements and settlements under Rule 9019(a):

> "Although the bankruptcy court has great latitude in authorizing a compromise, it may only approve a proposal that is 'fair and equitable.'" *Woodson v. Fireman's Fund Ins. Co.*, 839 F.2d 610, 620 (9th Cir. 1988) (Citing *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir.) *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986). In evaluating a settlement, the Court must consider:
>
>> '(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.' *A & C Properties*, 784 F. 2d at 1381.
>
> *Woodson*, 839 F. 2d at 620 (additional citation omitted).
>
> *See also, In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990). In addition to the four prong test set forth in *A & C Properties*, it is also well established that the law favors compromise. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). In accordance with that principle, Bankruptcy Rule 9019(a) gives this Court broad authority to approve a compromise or settlement. *In re General Store of Beverly Hills*, 11 B.R. 539, 542 (9th Cir. BAP 1981). The determination of whether to approve a compromise or settlement is a matter within the sound discretion of this Court. *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr. N.D.Ga. 1981). *See also, In re Lions Capital Group*, 49 B.R. 163, 175-76 (Bankr. S.D. N.Y. 1985).

As explained further in *A & C Properties*:

> The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

7

*Id*. at 1380-81 (citations omitted).  Considering all relevant factors, the Court finds that the Stipulation between Womack and Stafford/Lovgren is "fair and equitable" as required by *In re A&C Properties*.  The Court will, therefore, approve the settlement.

## DISCUSSION

Womack argues that the Bankruptcy Estate would incur considerable expense pursuing an appeal of Judge Brown's summary judgment decision, particularly as Womack has not been able to find an attorney who would pursue the matter on a contingency fee basis.  In addition, in the unlikely event an appeal was successful, the matter would be remanded to the district court for trial.  If Womack were successful at trial, the most that would come directly into the Estate would, by this Court's calculation, be the 6% commission on $735,000, or $44,100, which amount is consistent with Hardin's prior assertion that such claim could be worth at least $43,800.  A successful appeal would also eliminate Stafford/Lovgren's claim, which would arguably benefit the remaining creditors.  But as Womack points out, the other remaining creditor in this case is Hardin himself.

Womack, however, believes that any appeal will be unsuccessful, in which case, the bankruptcy estate would arguably be liable for even more fees and costs.  Womack previously argued there was value to the Estate of retaining and controlling the Stafford/Lovgren claim, and there was further value to the Estate of capping the fees and costs that Stafford/Lovgren can claim against the bankruptcy estate.  This Court agreed.

That same reasoning applies to approval of Womack's settlement with Stafford/Lovgren.  Rather than allowing Judge Brown's summary judgment ruling to become final, and appeal that judgment to the Montana Supreme Court, Hardin made the decision to place the Debtor in a

8

voluntary Chapter 7 bankruptcy proceeding. After Womack was appointed Trustee, the decision as to whether to pursue an appeal of Judge Brown's summary judgment ruling became his, and not Hardin's. The Court agrees with Womack that the probability of a successful appeal of the summary judgment ruling is low, and the Estate simply does not have the financial wherewithal to withstand the expense, inconvenience and delay associated with such an appeal. Womack and Stafford/Lovgren seek to put an end to litigation commenced by Hardin, and to put a stop to further attorney's fees and costs. Instead of pursuing an appeal of Judge Brown's summary judgment ruling, Hardin voluntarily elected to put the Debtor into bankruptcy. Based upon the record, the Court is not inclined to follow Hardin's whim and deny approval of the agreement between Womack and Stafford/Lovgren.

For the reasons stated above, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Stipulation Compromising and Settling Litigation and Motion for Approval Pursuant to F.R.B.P. Rule 9019(a) filed at docket no. 79 is granted and approved.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

9