UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**HARDIN & COMPANY, LTD.**,

Debtor.

Case No. **13-60413-7**

## MEMORANDUM of DECISION

At Butte in said District this 29th day of April, 2015.

In this Chapter 7 bankruptcy, after due notice, the Court conducted a hearing on April 14, 2015, in Butte on the joint Response of Stafford/Lovgren Partnership, Dr. Ron Stafford, and Dr. Greg Lovgren (collectively "Stafford/Lovgren") and Carol Gerovac ("Gerovac") to the Trustee's Motion for Order Pursuant to Rule 9019. The Chapter 7 Trustee, Joseph V. Womack, appeared at the hearing personally and with his counsel, James A. Patten of Billings, Montana. Quentin M. Rhoades of Missoula, Montana, represented Dennis Hardin, Hardin Real Estate, Inc., and the Dennis J. Hardin and Gloria L. Hardin Living Trust (collectively "the Hardin Parties"). Bruce Jacobs of Bozeman, Montana, represented Stafford/Lovgren; and Jennifer L. Farve of Bozeman, Montana, represented Carol Gerovac. Womack testified. The Court admitted the Trustee's Exhibits 1, 2, 3, 4, 5, 6, 7, 8 and 9, and Stafford/Lovgren and Carol Gerovac 's Exhibit A.

### BACKGROUND

The parties have been before this Court on numerous occasion; both the parties and the

Court are familiar with the facts of this case. The Debtor, Hardin & Company, Ltd., is a real estate brokerage company. Debtor and Stafford/Lovgren entered into a Commercial Listing Agreement (Exclusive Right to Sell) in May of 2008, for the sale of property owned by Stafford/Lovgren. The parties extended the Commercial Listing Agreement, but it ultimately expired on October 30, 2010. During the initial term of the Commercial Listing Agreement, Stafford/Lovgren discussed the property with two other veterinarians, who decided they could not afford to purchase Stafford/Lovgren's property at that time. The prospective purchasers secured a different location for their veterinarian practice. However, the prospective purchasers purchased light fixtures, cabinetry and countertops from Stafford/Lovgren.

The prospective purchasers eventually split and on November 3, 2010, one of the veterinarians contacted Stafford/Lovgren about the property described in the May 2008 Commercial Listing Agreement. On November 10, 2010, the veterinarian entered into a lease agreement with Stafford/Lovgren. Thereafter, during the summer of 2011, Stafford/Lovgren and the tenant veterinarian entered into an agreement for the sale and purchase of Stafford/Lovgren's property for $735,000.

After learning of the above sale and purchase, Dennis Hardin ("Hardin") caused the Debtor to commence on October 31, 2011, in the Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-11-1013A ("State Court Action") against Stafford/Lovgren and American Land Title Company of Montana, seeking payment of a real estate commission under the Commercial Listing Agreement. On December 13, 2012, District Court Judge Holly Brown entered an order granting summary judgment in favor of Stafford/Lovgren, dismissing Debtor's

State Court Action, and awarding attorney fees to Stafford/Lovgren.  On December 19, 2012, as provided in the Commercial Listing Agreement and in accordance with M.R. Civ. P. 54(d), Stafford/Lovgren filed a bill of costs, supporting affidavit and motion for fees in the State Court action asserting they had incurred costs of $1,789.95, attorney's fees totaling $44,572.50 and certain other recoverable costs of $592.06 in defending the State Court Action.  Hardin opposed the fees and costs and a hearing on the matter was scheduled for sometime in April of 2013.

Before the April 2013 hearing on the fees and costs, Debtor filed a voluntary Chapter 7 bankruptcy petition on March 28, 2013.  Hardin, Debtor's sole shareholder and officer, signed the bankruptcy petition on behalf of the Debtor.  In the Schedules filed March 28, 2013, Debtor listed no assets on Schedule A, and listed personal property worth $200.00 on Schedule B.  Debtor listed liabilities totaling $240,585.81 on Schedule F; Stafford/Lovgren having a disputed claim in the amount of $50,000, and Hardin having a claim of $190,585.81.  Debtor did not list any debts on Schedules D or E.  Stafford/Lovgren filed Proof of Claim No. 1 on July 22, 2013, asserting a claim of $59,867.45 for its attorney's fees and costs, all as reflected in the bill of costs and affidavit filed in the State Court Action on December 19, 2012.

In contemplation of Debtor's bankruptcy, Hardin, on or about March 18, 2013, caused the Debtor to cancel seven of its listing agreements.  Debtor discloses on Schedule B: "Business had 7 listings when business was closed.  Clients notified business was closed and listing were terminated.  Hardin & Company, Ltd. had no pending sales, accounts receivable, or accepted offers when business closed."  The terminated listing agreements included listing agreements with Gerovac, Thomas E. Tuck, Phillip Land, and William Louis, Mardie Louis and Latigo

3

Investments, LLC.

Prior to terminating the aforementioned listing agreements, Hardin formed, in January of 2013, Hardin Real Estate, Inc. After terminating Debtor's listing agreements, Hardin Real Estate, Inc. entered into new listing agreements with at least Gerovac, Thomas E. Tuck, and William Louis, Mardie Louis and Latigo Investments, LLC.

During the bankruptcy, Hardin objected to Stafford/Lovgren's proof of claim. In a Memorandum of Decision and Order entered March 10, 2014, at docket nos. 87 and 88, the Court overruled Hardin's objection to Stafford/Lovgren's proof of claim. This Court reasoned, in part, that Hardin's "objection to Stafford/Lovgren's proof of claim [was], at its core, a de facto appeal [of the summary judgment ruling in the State Court Action that was] forbidden under the Rooker-Feldman doctrine, which bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"

Hardin also filed a motion requesting entry of an order directing the Trustee to abandon what Hardin characterized as a "contingent claim" against Stafford/Lovgren. As stated in his motion, Hardin believed that the bankruptcy estate had a claim against Stafford/Lovgren for unpaid real estate commissions.[1] In the context of that request, Hardin argued that Judge Brown's summary judgment ruling was erroneous. Hardin also offered to pay $2,000.00 for the claim against Stafford/Lovgren, which according to Hardin, was worth at least $43,800.

---

[1] The claim for unpaid real estate commissions is the same claim Hardin and Debtor asserted in the State Court Action, which resulted in a summary judgment ruling in favor of Stafford/Lovgren.

4

The Trustee and Stafford/Lovgren opposed Hardin's motion.  The Trustee argued that abandonment of the claim was not in the best interest of the creditors or the bankruptcy estate and further argued that Hardin's motion for abandonment was not made in good faith and that to grant such motion "would further an abuse of the bankruptcy process that has been conducted by Dennis Hardin . . . as both a creditor and the sole member of Hardin & Co. Ltd. since shortly before and after the filing of this bankruptcy."

The Trustee testified at a hearing held March 4, 2014, that in his opinion, Judge Brown's summary judgment ruling was correct, quantifying the likelihood of success on appeal as less than 10 percent.[2]  After investigating the matter, the Trustee concluded that an unsuccessful appeal of Judge Brown's summary judgment ruling would expose the bankruptcy estate to additional legal fees and costs incurred by Stafford/Lovgren.  According to the Trustee, the exposure to additional liability outweighed any potential benefit of pursuing the appeal.

In a Memorandum of Decision and Order entered March 21, 2014, at docket nos. 106 and 107, the Court denied Hardin's motion, finding "that the benefit of the Stafford/Lovgren claim is derived from the bankruptcy estate retaining and controlling such claim.  The benefit of retaining and controlling the claim outweighs the $2,000 offer of purchase made by Hardin, which offer is coupled with the bankruptcy estate's exposure to additional attorney's fees and costs."

Thereafter, the Trustee reached an agreement with Stafford/Lovgren to fully and finally

---

[2] The Trustee persuasively argued that Hardin was seeking to pursue on appeal claims that were not raised in the State Court litigation, all as discussed by Judge Brown in her decision at pages 21-23 under section "C.  Unplead Claims."

5

settle the State Court Action.  In a Memorandum of Decision and Order entered May 8, 2014, at docket nos. 136 and 137, the Court approved, over the objection of Hardin, the agreement the Trustee reached with Stafford/Lovgren.  Hardin appealed the Court's decisions entered March 10, 2014, March 21, 2014, and May 8, 2014.

The Trustee also entered into a settlement with Gerovac whereby the Trustee and Gerovac agreed that a listing agreement dated October 13, 2010, as extended by an addendum dated October 11, 2011, governed the commission to be paid on property Gerovac sold to the Bozeman Yellowstone Airport.  That agreement was "contingent upon the Bankruptcy Court's approval . . . and upon the entry of an order or judgment in the Adversary Proceeding declaring the termination of the Gerovac Listing Agreement and the purported execution of a new listing agreement to be avoided or otherwise without effect or that Trustee is entitled to the commission."

The Trustee filed a Rule 9019 motion seeking approval of his agreement with Gerovac, which motion was opposed by Hardin.  However, Hardin and the Trustee eventually entered into a stipulation whereby Hardin consented to the Trustee's Rule 9019 motion on the condition that the Gerovac agreement not prejudice the rights of Dennis Hardin Real Estate, Inc. to assert a claim for a 6% commission on Gerovac's sale of property to the Bozeman Yellowstone Airport.  On May 14, 2014, the Court entered an Order approving the agreement between the Trustee and Gerovac, subject to the terms of the Trustee's agreement with Hardin.  As part of that settlement, Gerovac sought and obtained approval of fees and expenses in the amount of $5,398.30.

As a result of events in this bankruptcy case, including Hardin's objection to Stafford/Lovgren's proof of claim and Hardin's motion for abandonment, counsel for Stafford/Lovgren sought approval of additional post-petition attorneys fees and costs in the amount $31,579.66. The Court granted Stafford/Lovgren's request for fees, thus bringing the total of Stafford/Lovgren's allowed claim to $91,447.11.[3]

In the interim, the Trustee commenced Adversary Proceeding No. 14-00003 against the Hardin Parties asserting several claims for relief and requesting that: the Court avoid as fraudulent transfers the listing agreements that Debtor held as of January 1, 2013, and transferred to Hardin Real Estate, Inc.; the Court award the Trustee punitive damages; the Court equitably subordinate Proof of Claim No. 3 to all other claims in this case; and the Court find that the bankruptcy estate is entitled to all commissions payable under Debtor's prior listing agreement with Gerovac. The Trustee and the Hardin Parties began negotiations to settle the Adversary Proceeding. The Trustee and the Hardin Parties reached a tentative agreement wherein the Hardin Parties would pay the bankruptcy estate the sum of $77,000 and relinquish any claim to the real estate commission to be paid to the bankruptcy estate totaling $43,350 held in Gerovac's counsel's trust account. However, prior to signing the agreement, the Trustee discovered that the tentative agreement with the Hardin Parties was at odds with the Trustee's previously approved agreement with Gerovac because it allowed Hardin to retain "the claim to the 6% of the Gerovac sales proceeds, which is subject to a state court action in the Montana

---

[3] The figure of $91,447.11 does not include the fees or costs that Stafford/Lovgren has incurred since February 11, 2015.

Eighteenth Judicial District Court, Gallatin County as Case No. DV 14- 179, *Dennis Hardin and Hardin Real Estate, Inc. v. Gerovac*."[4] The Trustee did not present the matter to the Court for approval, prompting the Hardin Parties to file a motion seeking approval of the settlement agreement--which was signed only by the Hardin Parties's counsel--and enforce it against the Trustee. The Trustee and Stafford/Lovgren opposed the Hardin Parties's request for approval of the settlement agreement. At that time, the Trustee anticipated receiving $36,452.00 from the settlement with Gerovac, which the bankruptcy estate would lose under the tentative agreement with the Hardin Parties. In a Memorandum of Decision and Order entered December 22, 2014, the Court denied the Hardin Parties's request to approve the tentative settlement agreement with the Trustee.

The stipulation and settlement agreement between the Trustee and the Hardin Parties presently before the Court provides for a payment by the Hardin Parties to the bankruptcy estate of $110,000 and consent to subordination of Hardin's Proof of Claim No. 3 to the allowed claim of Stafford/Lovgren. The settlement also provides for dismissal of Hardin's three appeals in this case. The Court would also note that the settlement now before the Court does not contain the provision, that was in the prior settlement that was denied approval, regarding retention by Hardin of "the claim to the 6% of the Gerovac sales proceeds, which is subject to a state court action in the Montana Eighteenth Judicial District Court, Gallatin County as Case No. DV 14-

---

[4] The Trustee's approved agreement with Gerovac provided that Gerovac's obligation to pay the bankruptcy estate a real estate commission on the sale of her property was contingent upon "the entry of an order or judgment in the Adversary Proceeding declaring the termination of the Gerovac Listing Agreement and the purported execution of a new listing agreement to be avoided or otherwise without effect or that Trustee is entitled to the commission."

179, *Dennis Hardin and Hardin Real Estate, Inc. v. Gerovac*." The Trustee, however, discloses in his motion that it is the Trustee and the Hardin Parties's intent that the bankruptcy estate will not receive any funds from the Gerovac commission and that any money held relative to the Gerovac commission shall be released to Gerovac.[5] The Trustee estimates in his motion that Stafford/Lovgren will receive a payment of $47,800.00 toward their allowed claim of $91,447.11.

Stafford/Lovgren opposes approval of the Trustee's settlement with the Hardin Parties arguing the settlement is a windfall to Hardin. Gerovac opposes approval of the settlement arguing she is not receiving the benefit of the settlement she entered into with the Trustee.

## JURISDICTION

This Memorandum of Decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure (FRBP) 7052 and 9014(c). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B) and (O) and comes before this Court pursuant to FRBP 9019.

## APPLICABLE LAW

Compromises and settlements are governed by FRBP 9019(a), which provides in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . ." The bankruptcy court is vested with considerable discretion in

---

[5] As set forth in the Memorandum of Decision entered December 22, 2014, in Adversary Proceeding 14-00003, the funds the Trustee would release relative to the Gerovac settlement are $43,350.00 less fees and costs approved for Gerovac's counsel in the sum of $5,398.30.

9

approving compromise agreements and settlements. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). In *In re Schrock*, 9 Mont. B.R. 414, 416-417 (Bankr. D. Mont. 1991), this Court addressed the test for approving compromise agreements and settlements under Rule 9019(a):

> "Although the bankruptcy court has great latitude in authorizing a compromise, it may only approve a proposal that is 'fair and equitable.'" *Woodson v. Fireman's Fund Ins. Co.*, 839 F.2d 610, 620 (9th Cir. 1988) (Citing *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir.) *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986). In evaluating a settlement, the Court must consider:
>
>> '(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.' *A & C Properties*, 784 F. 2d at 1381.
>
> *Woodson*, 839 F. 2d at 620 (additional citation omitted).
>
> *See also, In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990). In addition to the four prong test set forth in *A & C Properties*, it is also well established that the law favors compromise. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). In accordance with that principle, Bankruptcy Rule 9019(a) gives this Court broad authority to approve a compromise or settlement. *In re General Store of Beverly Hills*, 11 B.R. 539, 542 (9th Cir. BAP 1981). The determination of whether to approve a compromise or settlement is a matter within the sound discretion of this Court. *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr. N.D.Ga. 1981). *See also, In re Lions Capital Group*, 49 B.R. 163, 175-76 (Bankr. S.D. N.Y. 1985).

As explained further in *A & C Properties*:

> The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

10

*Id*. at 1380-81 (citations omitted). Considering all relevant factors, the Court finds that the Stipulation between the Trustee and the Hardin Parties fails to satisfy the requirements of *In re A&C Properties*. The Court, therefore, declines to approve the settlement.

## DISCUSSION

The Court first addresses Gerovac's contention that she is entitled to the benefit of the bargain she reached with the Trustee and that "the prospect of a return of the 3% commission is not worth losing the benefits of the settlement that she received[.]" Any benefits that Gerovac bargained for in her agreement with the Trustee filed on March 3, 2014, at docket no. 80 were, as set forth in the Court's Order entered May 14, 2014, at docket no. 148, approved "subject to the conditions of the stipulation between the Trustee and Hardin." One of the terms of the stipulation between the Trustee and Hardin filed May 13, 2014, at docket no. 146, was that the settlement between the Trustee and Gerovac "not prejudice the rights of Dennis Hardin Real Estate, Inc., to assert a claim for a 6% commission on Gerovac's sale of the real property to Gallatin County on or about May 2, 2014." The Court is not persuaded that the Trustee's proposed settlement with the Hardin Parties is at odds with the Trustee's settlement with Gerovac, as approved with conditions by this Court.

Stafford/Lovgren's objections remain. The Trustee concedes in his motion that he "believes there is a good probability of success"[6] and that the "litigation is not particularly complex[.]" With this concession, two *A&C Properties* factors remain: the potential difficulties

---

[6] The Trustee makes reference to a risk of litigation, but does not articulate a specific risk or risks.

associated with collecting on any judgment, the additional delay and expense attending further litigation and the paramount interest of the creditors and a proper deference to their reasonable views.

The sequence of events leading to this particular moment in time started on October 31, 2011, when Hardin commenced the State Court Action against Stafford/Lovgren. As set forth above, on December 13, 2012, District Court Judge Holly Brown granted summary judgment in favor of Stafford/Lovgren, dismissed the State Court Action, and awarded a yet to be determined amount of attorney's fees and costs to Stafford/Lovgren. On December 19, 2012, Stafford/Lovgren filed a bill of costs, supporting affidavit and motion for fees requesting the total sum of $46,954.51. Rather than contest Stafford/Lovgren's requests for fees and costs on the merits, or permit entry of a final judgment that could be challenged on appeal, Hardin undertook efforts to thwart any attempt by Stafford/Lovgren to collect their impending judgment for fees and costs. Hardin created Hardin Real Estate, Inc., terminated Debtor's listing agreements, and entered into new listing agreements under the name of Hardin Real Estate, Inc., all while continuing to use Debtor's letterhead, telephone number and signage. The evidence presented during the pendency of this case shows that Hardin's actions were taken primarily to attack and hinder Stafford/Lovgren; and the Trustee has characterized this bankruptcy case and the events leading to its filing, as an abuse orchestrated by Hardin.

Having made attacks on Stafford/Lovgren's claim in this bankruptcy case over the last twenty-five months, Hardin and the other Hardin Parties now want to pay the bankruptcy estate $110,000.00, and focus their attentions on Gerovac and the allegation that she owes Hardin and

Hardin Real Estate, Inc. a 6% sales commission. The dilemma created by Hardin and the Hardin Parties's current proposal for settlement is that Debtor and Hardin could have made Stafford/Lovgren whole by paying the sum of $46,954.51 in December 2012. Instead, Hardin continued to attack Stafford/Lovgren and to undertake a course of action that increased Stafford/Lovgren's claim to something in excess of $91,447.11. Other than administrative fees and approved fees and costs for Gerovac, Stafford/Lovgren and Hardin are the only claimants in this case. Hardin now has the Trustee advocating for approval of a settlement that, according to the Trustee, will provide Stafford/Lovgren with a payment of $47,800.00, but leave Stafford/Lovgren with a remaining claim of $43,647.11; a mere $3,307.40 reduction of what Stafford/Lovgren was arguably owed in December of 2012.

  The Court now considers the remaining two *A&C Properties* factors. The Court can appreciate that sometimes, some recovery is better than nothing for creditors. However, the Court must find that a settlement is fair and equitable to the bankruptcy estate and its creditors. Stafford/Lovgren, the only non-insider party to file a proof of claim in this case, opposes approval of the Trustee's settlement with the Hardin Parties. At this juncture, Stafford/Lovgren is not daunted by risk, inconvenience or delay, as it has already endured such since October 31, 2011, when Hardin commenced the State Court Action. Rather, Stafford/Lovgren believes that pursuing a judgment against the Hardin Parties will result in a better outcome for the non-insider creditors in this case. Based upon the evidence presented, the Court finds that Stafford/Lovgren's refusal to endorse the Trustee's settlement with the Hardin Parties is not unreasonable given that the Trustee's settlement was reached with an insider without

Stafford/Lovgren's participation.  For the reasons discussed, the Court finds that the Trustee's agreement with the Hardin Parties fails to satisfy the *A&C Properties* factors.

Procedurally, the Trustee filed his Motion for Order Pursuant to Bankruptcy Rule 9019 on February 17, 2015.  The Trustee's motion was accompanied by a notice provision granting parties-in-interest 21 days to file a response.  Thinking the Trustee's motion was accompanied by a 14-day notice, as opposed to a 21-day notice, the Court prematurely entered an Order granting the Trustee's motion on March 9, 2015, at docket no. 185.  Based upon the 21-day notice attached to the Trustee's motion, Stafford/Lovgren and Gerovac filed timely opposition on March 10, 2015.

For the reasons stated above, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Court's Order entered prematurely on March 9, 2015, at docket no. 185 is vacated; and the Trustee's Motion for Order Pursuant to Bankruptcy Rule 9019 filed February 17, 2015, is denied.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana